**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4039

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JIMMY ORLANDO CHIRINOS CARCAMO, a/k/a Armando Gustavo
Santibanez,

        Defendant – Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.    Samuel  G.  Wilson,
District Judge. (5:10-cr-00022-sgw-1)

Submitted: July 19, 2011        Decided: August 11, 2011

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Andrea L. Harris,
Assistant Federal Public Defender, Christine Madeleine Lee,
Research and Writing Attorney, Charlottesville, Virginia, for
Appellant.   Timothy J. Heaphy, United States Attorney, Jeb T.
Terrien, Assistant United States Attorney, Harrisonburg,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Orlando Chirinos Carcamo pled guilty without a plea agreement to one count of illegal reentry of a deported or removed alien after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to sixty months' imprisonment. Carcamo appeals his sentence. We affirm.

Carcamo, a Honduran citizen, was convicted in 1999 and 2000 of stalking and forgery and was deported. He entered the United States in 2002 and was deported after a conviction for illegal reentry after deportation. Carcamo again entered the United States and was removed in February 2004. Following that removal, Carcamo entered the United States yet again and committed a variety of state felony and misdemeanor offenses. While incarcerated in a Virginia jail, Carcamo was identified as an illegal alien unlawfully in the United States. Investigation confirmed that Carcamo had not received permission from the Secretary of Homeland Security to reenter the United States. After Carcamo's guilty plea to unlawful reentry, his Guidelines range under the U.S. Sentencing Guidelines Manual (2010) was calculated at twenty-four to thirty months' imprisonment. At sentencing, the district court imposed an upward variance and sentenced Carcamo to sixty months' imprisonment.

This court reviews the sentence imposed by the district court, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's Guidelines range. Id. at 49, 51. We must then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. Id. at 50-51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We also review whether the district court made an "individualized assessment based on the facts presented." Gall, 552 U.S. at 50; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review" (internal quotation marks omitted)).

If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. Although "we may consider the extent of any variance from the advisory Guidelines range, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Engle, 592 F.3d 495, 500 (4th Cir.), cert. denied, 131 S. Ct. 165 (2010) (internal quotation marks omitted). "[T]he fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." United States v. Morace, 594 F.3d 340, 346 (4th Cir.), cert. denied, 131 S. Ct. 307 (2010) (internal quotation marks omitted).

Carcamo argues that his sentence is unreasonable because the district court stated in its sealed statement of reasons that an upward variance was justified because Carcamo's Guidelines range accounted for only one of three aggravated felonies he committed while present in the United States. Because he received criminal history points for all of his prior criminal offenses, Carcamo urges that the district court erred by relying on this erroneous statement in imposing the sixty-month sentence.

4

Carcamo is correct that all of his prior felony convictions and his relevant misdemeanor convictions were counted in the computation of his criminal history score. However, the statement in the sealed statement of reasons does not accurately reflect the basis for the district court's upward variance. At sentencing, the court stated it had considered the § 3553(a) factors and explained that the sixty-month sentence was warranted in light of the nature and circumstances of the offense, Carcamo's history and characteristics, and the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for Carcamo, and to provide adequate deterrence to criminal conduct. When there is a conflict between the court's sentence as orally pronounced and the written judgment of conviction, the oral sentence controls. United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). In this case, the district court's valid orally-stated reasons for the variant sentence control.

Next, Carcamo argues that his sentence is unreasonable because the district court failed to consider the arguments he raised to support the imposition of a within-Guidelines sentence. We conclude this contention is without merit, as the district court stated at sentencing that it had read Carcamo's written sentencing memorandum and then listened to his oral arguments in support of a within-Guidelines sentence. The court

5

also responded directly to Carcamo's claims that a within-Guidelines sentence was warranted in view of his criminal history category, the nature and circumstances of some of his prior entries into the United States, and his claim that he had enemies in Honduras, explaining that Carcamo had "exploit[ed]" the country providing him with haven from those enemies and was a recidivist offender whose pattern of entering the United States and committing crimes needed to be punished and deterred. We conclude that the district court satisfied its obligation to address Carcamo's non-frivolous reasons for imposing a within-Guidelines sentence. See Carter, 564 F.3d at 328.

Carcamo also argues that his sentence is unreasonable because the upward variance was based on factors already accounted for in the calculation of his Guidelines range. We disagree. The court considered relevant § 3553(a) factors and emphasized Carcamo's pattern of repeatedly committing crimes during his multiple periods of illegal presence in the country and the need to deter Carcamo from continuing to engage in this pattern as meriting the upward variance. The court's rationale in this regard was both plausible and appropriately tied to § 3553(a) factors that set Carcamo's case apart from the heartland of cases contemplated by the Guidelines. See Morace, 594 F.3d at 346.

Finally, insofar as Carcamo may be arguing that the sixty-month variant sentence is not appropriate in light of his motivations for entering the United States and his efforts to rehabilitate himself while incarcerated on state charges, we afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Engle, 592 F.3d at 500 (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED